In the Matter of JOHN SATTA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 27, 1979

### APPEARANCES OF COUNSEL

*Nicholas C. Cooper* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

*Per Curiam.*

By petition dated October 16, 1978, petitioner Departmental Disciplinary Committee moves pursuant to 22 NYCRR 603.4 (d) for an order confirming the opinion and recommendation of the Departmental Disciplinary Committee and directing that respondent be disbarred as an attorney and counselor at law of the State of New York.

The respondent was admitted to practice by this court on January 13, 1956. Respondent was charged in nine specifications with professional misconduct; the Departmental Disciplinary Committee dismissing two specifications and sustaining seven.

The Departmental Disciplinary Committee found the respondent guilty of professional misconduct as follows:

1. Respondent failed to co-operate with the Committee on Grievances by failing to respond to 19 letters from the committee's staff over a period of 2½ years as to 15 complaints against respondent. In addition, respondent failed to provide certain pertinent papers to the committee's staff after promising to do so and after having been twice reminded of this matter in writing.

2. Respondent was retained by Mr. Bennie Smalls in 1972 to represent him in a divorce action but did nothing beyond service of a summons in January, 1973. During an interview with the committee's staff on April 14, 1975, respondent promised to provide a copy of a note of issue in the matter and has failed to do so.

3. Respondent was retained by Mrs. Mary Waterman to

represent her in a divorce action and failed to complete the matter after judgment of divorce was entered in her favor, with the result that Mrs. Waterman was required to retain new counsel to complete the matter.

4. Respondent was retained by Mr. Manuel Vega to represent him in a divorce action but did nothing to bring the matter to hearing or termination after service of papers on Mr. Vega's spouse.

5. Respondent was retained by Mrs. Mary A. Calate in August, 1975 to probate the estate of her late husband who died in July, 1975, but failed to take steps to terminate the estate or account to Mrs. Calate for stock dividends belonging to the estate. In addition, respondent failed to turn over all papers and documents of the estate to Mrs. Calate's new attorney and failed to respond to letters of the new attorney requesting status reports regarding the estate.

6. In October, 1975, Frederick Mars, Esq., forwarded to respondent a check for $82 in payment of a small claims judgment awarded to respondent's client with instructions that the check be put into escrow pending transmittal of the satisfaction of judgment. Respondent cashed the check and failed to forward the satisfaction of judgment or otherwise communicate with Mr. Mars.

7. Respondent was retained in 1977 by Mrs. Rozelle Kanord to represent her in a divorce action, but after serving the summons and complaint and preparing certain other motion papers, respondent failed to answer counterclaims, failed to communicate with Mrs. Kanord or otherwise proceed with the matter. By court decision in January, 1978, another firm was substituted as counsel for Mrs. Kanord and respondent directed to forward the file to that firm by January 18, 1978, and he did not do so.

Respondent appeared before the committee; however, the committee found his explanations as to his derelictions so tenuous, vague and equivocal as to defy belief. In addition, the panel also noted that respondent had been the subject of disciplinary action by the grievance committee on 6 prior occasions within the last 10 years. The committee recommends respondent's disbarment as the only sanction that will protect the public from respondent's inability to follow through on legal matters he has accepted and considers his behavior a shocking and continued pattern of professional misconduct and neglect.

On the state of the record, respondent's entire course of conduct demonstrates his indifference to his professional responsibilities and clearly establishes his lack of moral fitness to continue as a member of the legal profession.

Accordingly, the report of the Departmental Disciplinary Committee should be confirmed and the respondent disbarred.

MURPHY, P. J., LUPIANO, EVANS, MARKEWICH and SULLIVAN, JJ., concur.

Opinion and recommendation of the Departmental Disciplinary Committee confirmed, and respondent disbarred from practice as an attorney and counselor at law in the State of New York, effective March 27, 1979.