In the Matter of JOHN SATTA, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, December 13, 1979

## APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Aaron Weitz* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent, an attorney, due to be disbarred by our order entered February 27, 1979, effective March 27, 1979 (66 AD2d 491), moves for an order granting reargument and renewal with regard to our prior order of disbarment, and, in the interim, granting a stay of such order pending determination of the motion. By order entered April 5, 1979, we granted the motion insofar as (1) to stay this court's order of disbarment entered on February 27, 1979, (2) to suspend respondent from practice as an attorney in the State of New York until the further order of this court, and (3) refer this matter to the Medical Report Office, Supreme Court, New York County, for assignment of a court-appointed psychiatrist to review the record, examine respondent and report to this court. Although respondent appeared before the Departmental Disciplinary Committee with respect to the charges of professional misconduct, he did not enter an appearance on the committee's motion for an order confirming the opinion and recommendation of the Departmental Disciplinary Committee which recommended that he be disbarred.

On the instant motion and for the first time, respondent presents the full circumstances of a nervous breakdown, exhibited, in part, by a gradual withdrawal over a period of time into self with consequent inability to function properly in fulfilling his responsibilities to his clients. Apparently, after a critical event in August, 1978, respondent availed himself of treatment, and an affidavit of a therapeutic counselor attests to his psychological rehabilitation proceeding in large measure from respondent's functioning in his career as a lawyer. The psychiatric report filed with this court on May 22, 1979, by the court-appointed psychiatrist, relevant to respondent's psychological state during the period of his neglect of his duties

as an attorney, states that respondent "has been suffering from a neurotic depression which impaired his ability to perform all his legal functions." Regarding respondent's present psychological state, the report declares that respondent "is capable to continue to practice law without incapacitation."

Petitioner, the Departmental Disciplinary Committee, points out while such neurotic condition is not a defense, it may be considered in mitigation. The committee takes no position with regard to the issue of mitigation other than to recognize that such issue exists.

Respondent's derelictions of duty do not proceed from a personal sense of aggrandizement. There is no venality or criminal conduct involved here. Respondent has never been charged, and it has not been claimed, that he profited from his neglect of his clients' matters. After reviewing all of the evidence and the report of the independent court-appointed psychiatrist, we are in full agreement with the findings contained in that report. Accordingly, the respondent's motion for an order granting reargument and renewal is granted, and upon such reargument and renewal we determine that the appropriate measure of discipline to be imposed is suspension of the practice of law for the period of one year, commencing December 13, 1979, and until the further order of this court. In determining the appropriate measure of discipline to be imposed, we have taken into consideration certain mitigating factors as set forth above. In determining to impose a one-year suspension commencing December 13, 1979, we have taken into consideration the period of suspension which has already accrued since the prior order of this court suspending respondent until full determination of the instant motion.

MURPHY, P. J., SULLIVAN, MARKEWICH, LUPIANO and ROSS, JJ., concur.

Respondent's motion for reargument and renewal granted, and upon such reargument and renewal, respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of one year, effective December 13, 1979, as indicated in the order of this court.